1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAUDINA BOONE, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br>v.<br><br>DYNAMIC COLLECTORS, INC.,<br><br>                       Defendant. | CASE NO. C18-5916 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Dynamic Collectors, Inc.'s

("Dynamic") motion to dismiss. Dkt. 14. The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby grants

the motion in part and denies the motion in part for the reasons stated herein.

## I.    PROCEDURAL HISTORY

On November 8, 2018, Plaintiff Maudina Boone ("Boone") filed suit as a putative

class representative against Dynamic. Dkt. 1. Boone sues for damages arising from

Dynamic's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq*. ("FDCPA"). Dkts. 1, 10. On January 23, 2019, Dynamic filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 9. On February 7, 2019, Boone filed an amended complaint. Dkt. 10. On February 12, 2019, Dynamic withdrew its motion to dismiss. Dkt. 11. On February 21, 2019, Dynamic filed a new motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 14. On March 25, 2019, Boone responded. Dkt. 20. On April 9, 2019, Dynamic replied. Dkt. 21.

## II.  FACTUAL BACKGROUND

At some time prior to November 15, 2017, Boone incurred medical debt. Dkt. 10. On November 15, 2017, Boone received a letter from Dynamic seeking to collect on the debt. *Id.* ¶ 10. The letter listed amounts owed for principal balance, interest, attorney's fees, court costs, and collection fees. *Id.* ¶ 11. The principal balance owed was listed as $438. *Id.* ¶ 16. Interest, attorney's fees, court costs, and collection fees all listed a $0 balance. *Id.* ¶ 12. Below the amounts owed, "the letter states that interest accrues at 12% per annum." *Id.* ¶ 13.

Boone alleges that "[i]t appears [Dynamic] is seeking interest at 12% which begins to accrue from the date of the letter, as opposed to the date the debt became delinquent." *Id.* ¶ 19. Boone also alleges that the letter makes it appear as though Dynamic "expects the least sophisticated consumer to understand that interest will only start accruing from the date on the letter." *Id.*

## III.  DISCUSSION

Boone alleges that Dynamic's false and deceptive representations violate sections 1692d, e(2) and e(10) of the FDCPA, Dynamic's attempt to collect interest violates

section 1692f(1) of the FDCPA, and Dynamic's failure to list the correct amount of the debt violates section 1692(g) of the FDCPA. Dkt. 10, ¶¶ 41–43.

**A.  Fed. R. Civ. P. 12(b)(6) Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). Despite this, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**1.  Stating a Claim under the FDCPA**

Boone correctly explains that Dynamic's motion to dismiss contests only whether it has committed an act prohibited by the FDCPA, not any of the elements establishing that collection of the debt is governed by the FDCPA. Dkt. 20 at 6; *see also* Dkt. 14.

FDCPA violations are assessed from the "least sophisticated debtor" standard, which is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997)

(quoting *Swanson v. S. Or. Credit Serv., Inc.*, 839 F.2d 1222, 1227 (9th Cir. 1988). "An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014). "This inquiry is objective and is undertaken as a matter of law." *Id.* at 1118 (citing *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011)). Though the least sophisticated debtor "may be uninformed, naïve, and gullible," a "bizarre or unreasonable" interpretation of a collection notice will not violate the FDCPA. *Evon v. Law Office of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012).

To be actionable under sections 1692e or 1692f of the FDCPA, any ambiguity or false or misleading statement must be material. *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1033 (9th Cir. 2010). A false or misleading statement is material when it affects the consumer's ability to make intelligent decisions about how to address their debt. *Id*. Therefore, on a motion to dismiss, the question is not whether sufficient facts are present such that it is plausible the plaintiff was misled or deceived, but rather that it is plausible that the hypothetical least sophisticated debtor would likely have been misled or deceived.

Dynamic argues with respect to Boone's section 1692e and 1692f claims that "even if the letter could be said to be ambiguous, which it is not," it does not violate the FDCPA because "any ambiguity is immaterial." Dkt. 14 at 2. Dynamic also argues that even if its letter *may* mislead the least sophisticated debtor, any confusion or ambiguity

does not rise to the level that the Court could find that the least sophisticated debtor was *likely* to be misled as a matter of law. *Id.* at 16 (citing *Dolan v. Sentry Credit, Inc.*, No. C17-1632 RAJ, 2018 WL 6604212, *5 (W.D. Wash. Dec. 17, 2018)).[1]

### 2.    Sections 1692e, e(2) and e(10) of the FDCPA

"Section 1692e prohibits the use by a debt collector of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue*, 592 F.3d at 1030. The subsections of section 1692e, without limiting its general application, list specific conduct which violates the section. § 1692e. "Section 1692e(2) prohibits '[t]he false representation of . . . the character, amount, or legal status of any debt." *Id.* Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." § 1692e(10).

"A debt collector violates section 1692e when it 'frustrate[s] a debtor's ability to intelligently choose an appropriate response to a collection effort.'" *Dolan*, 2018 WL 6604212, *3 (quoting *Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016)). "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales*, 660 F.3d at 1062 (internal citations omitted). Persuasive authority from the Second Circuit provides that a debt collector may avoid liability under section 1692e by including a

---

[1] The conduct alleged to violate section 1692e in *Dolan* was an error in identifying the date from which interest accrued, leading to an improper inclusion of interest owed for eight additional days in the defendant's initial summary judgment briefing in the collections lawsuit, withdrawn approximately a month after filing, where the plaintiff failed to explain how the misstatement impacted his decision-making. *Dolan*, 2018 WL 6604212, at *7.

disclaimer that "either accurately informs the consumer that the amount of debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Avila v. Riexinger & Assoc., LLC*, 817 F.3d 72, 77 (2nd Cir. 2016). While the Second Circuit explained that it did not require specific language, it referred favorably to a disclaimer which explained "[t]his balance will continue to accrue interest after [date] at a rate of $ ___per [day/month/week/year]." *Id*. (quoting *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 n.7 (D. Conn. Dec. 16, 2010)).

Boone bases her allegations that Dynamic has violated multiple sections of 1692e on alternative characterizations of the same conduct. Dkt. 20 at 7 ("In this case, Plaintiff's 1692(e) claims are directed at the confusing and misleading nature of Defendant's inclusion of the line: 'Interest accrues at 12% per annum,' following account information which indicates the amount of interest incurred is $0.")

First, Boone argues that the letter can be reasonably read to state interest is *not* accruing, because "[e]very consumer knows that when interest is actually accruing, interest begins to accrue from the date of delinquency," as is typical for overdue credit card payments. Dkt. 20 at 9–10. Here, the letter came "*months* after [Boone] incurred the debt" and still listed a $0 interest balance. *Id*. Boone argues that under this reasonable belief, "the fact that the letter says interest is accruing at 12% per annum is likely to either be overlooked by the consumer, or to make the consumer think this is a typo or some sort of mistake." *Id*. at 10. Believing the interest rate is a mistake, the consumer would then be *misled* into thinking they "need not rush to pay the debt for fear that the

balance will increase by the time the payment is made." *Id.* at 7. The consumer's understanding that the balance will increase is important because it allows the consumer to understand whether payment of the amount stated will or will not clear the account. *Avila*, 817 F.3d at 76.

Second, Boone argues that the letter can be reasonably read to state that interest *is* accruing, because it states that interest is accruing at 12% per annum. Dkt. 20 at 10. In this scenario, depending on Dynamic's actual conduct, the consumer could be misled in two ways. Boone argues the consumer may believe "that interest will only be added at the end of the year," which would be consistent with itemizing interest at $0. *Id.* at 11. If Dynamic begins assessing interest before the end of the year, the consumer would be misled into delaying payment on the debt while interest accrues, under a mistaken impression that he or she has more time. *Id.* Boone also argues that if interest is accruing, Dynamic has failed to include sufficient information such that by the time the consumer makes a payment she will have some way to clear the account or be advised of additional steps, *id.*, which courts find relevant in FDCPA cases. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Boone argues that this lack of information "render[s] the letter false and deceptive concerning what amount [Dynamic] will accept as full payment." Dkt. 20 at 11.

The Court finds that the likelihood of the least sophisticated consumer holding either belief is at least plausible. *See Twombly*, 550 U.S. at 570. Boone's explanation that the least sophisticated consumer's primary experience with interest on debt is through credit card bills is not bizarre or unreasonable. *Evon*, 688 F.3d at 1027. Moreover, a

consumer's decision about how to intelligently prioritize a debt is likely to be impacted by the their uncertainty about presence or absence of a 12% interest rate caused by the contrast between a $0 interest balance and the 12% listed rate. *See Donohue*, 592 F.3d at 1033.

Dynamic argues that because the letter "states the amount due, and . . . provides the total balance due" with that information "a consumer can do the math and calculate their total at any given time." Dkt. 14 at 12. The Court disagrees—without any specific indication of the starting date for interest accrual, a consumer cannot calculate the interest they owe, even assuming calculating interest is within the reasonable capacity of the least sophisticated consumer. For the reasons discussed, the Court finds that these two sets of facts plausibly state a claim that the least sophisticated consumer would be materially misled by the letter.

Third, Boone argues that the letter could be reasonably read to state not only that interest *is* accruing, but that Dynamic in fact has the right to charge interest at 12%. Dkt. 20 at 12. Boone argues that "whether the contract calls for interest at a lower rate, this [sic] would also be a false representation of [Dynamic's] right to collect interest at that rate." Dkt. 20 at 12 (citing Dkt. 10, ¶ 19). Dynamic argues that Boone "cannot state a claim unless she alleges that Dynamic was, in fact, intending to charge a different amount of interest at the time the letter was issued by Dynamic . . . ." Dkt. 14 at 3. Here, Boone is not alleging that Dynamic was intending to charge a rate of interest lower than 12%. She is alleging that Dynamic may have been contractually obligated to charge an interest rate lower than 12%, which is a possibility provided for in Washington law. Dkt. 20 at 12.

Dynamic argues that 12% automatically becomes the prejudgment interest rate upon default, Dkt. 14 at 9–11, but in fact, RCW 19.52.010(1) provides for interest at 12% only "where no different rate is agreed to in writing between the parties." As the Washington Court of Appeals explained, "[i]t is not a new concept that parties can contractually account for interest in case of the possibility of breach." *TJ Landco*, 186 Wn. App. at 257 n.6 (citing *Brewster v. Wakefield*, 63 U.S. 118, 127 (1859)). While it is questionable whether Boone's complaint makes this specific allegation, *see* Dkt. 10, ¶ 19, the Court is to construe the complaint in favor of Boone, *see Keniston*, 717 F.2d at 1301, and Dynamic does not specifically challenge this allegation's sufficiency, so the Court will not grant the motion to dismiss this theory of liability for Boone's section 1692e claim on that basis.

Finally, Dynamic asks the Court to adopt the analysis of a number of district court cases it cites for the proposition that courts do not find violations of the FDCPA on the basis of statements that no interest had accrued on the debt but would accrue in the future. Dkt. 14 at 4–7. These cases are persuasive only and do not change the Court's conclusion that Boone has sufficiently alleged that the letter's lack of clarity about whether interest *would* in fact accrue in the future is likely to materially impact the least sophisticated consumer's ability to intelligently prioritize their financial resources. Therefore, the Court denies Dynamic's motion to dismiss Boone's section 1692e claims.

### 3. Section 1692f(1) of the FDCPA

"'The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law' is a violation of [section] 1692f(1)." *Donohue*, 592 F.3d at 1030.

Dynamic argues that Boone's section 1692f(1) claim fails as a matter of law because, it argues, section 1692f(1) requires the *actual* collection of interest and per Boone's complaint, "no interest has been alleged to have been collected at any time." Dkt. 14 at 8–9. Dynamic makes this statutory construction argument without supporting authority. Without a citation to controlling authority and finding that this issue is under debate in the courts, the Court will not grant Dynamic's motion to dismiss on this basis. *See, e.g. Thomas v. John A Youderian Jr., LLC*, 232 F. Supp. 3d 656, 676–78 (D.N.J. Feb. 3, 2017) (reviewing variety of ways to interpret section 1692f(1) but finding superior a broad interpretation of 1692f(1) which includes attempted collection).

To the extent Boone argues that collecting interest is not permitted if the underlying contract from which the debt arose did not have a provision for interest, *see* Dkt. 10, ¶ 20, Boone does not support this argument with authority, and Dynamic is correct that RCW 19.52.010 provides that 12% prejudgment interest may be charged if the underlying contract "provided different interest terms prior to default, or if no interest terms were provided at all." Dkt. 14 at 10 (citing *TJ Landco*, 186 Wn. App. at 257).

Boone argues that "[i]f there is a difference between what the contract says and what [Dynamic] is charging for interest" then she has presented a plausible claim that Dynamic is charging interest in excess of what was provided for in the contract. Dkt. 20

at 19. However, Dynamic is correct that Boone has "failed to support a claim by pleading that there was some interest amount other than 12%." Dkt. 21 at 6. While the complaint comes close, alleging that "if the original contract contained a provision which provided for interest to accrue, at the time the debt reached the collectors [sic] hands, interest would have already accrued, Dkt. 10, ¶ 19, it does not actually plead that the original contract provided for interest at a rate other than 12%.

Because Boone's first theory of liability under 1692f is without support and Boone's second theory of liability does not plead sufficient facts to establish a claim, the Court grants the motion to dismiss. Because it appears that Boone's failure to support her second theory may be cured by amendment, the Court grants Boone leave to amend

### 4.    Section 1692g of the FDCPA

Section 1692g(a)(1) requires that the debt collector's initial written notice contain the amount of the debt. § 1692g(a)(1). Persuasive case law on this provision comes from the Seventh Circuit and the Second Circuit.[2]

In *Miller*, the Seventh Circuit found that a collections letter listing only the principal balance of the loan but not accrued and unpaid interest or other charges did not comply with section 1692g(a)(1). *Miller*, 214 F.3d at 875. The Seventh Circuit reasoned that though the amount of the debt changed daily, it was the collector's obligation to list the total principal along with total interest and fees on the date the letter was sent. *Id*. The

---

[2] The parties do not cite nor is the Court aware of any controlling Ninth Circuit authority on communicating the amount of the debt under section 1692g(a)(1).

Circuit crafted a "safe harbor" formula for complying with the FDCPA's "amount of debt" provision when the amount of the debt varies daily:

> As of the date of this letter, you owe $\_\_\_ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id*. at 876.

The Second Circuit has similarly found that a debtor should be informed of future variability of the debt but appears to take a different position on the duty to itemize the debt's components. In *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit found that a plaintiff can state a claim for violation of section 1692g even when the communication from the debt collector accurately conveys the amount of the debt, but the plaintiff "successfully alleges that the least sophisticated consumer would inaccurately interpret the message." In *Carlin*, the collections letter listed a total amount due which included *estimated* fees and costs. *Id*. The Circuit found it was unclear whether these fees and costs were properly part of the debt absent a court judgment, and explained that a statement is incomplete where "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Id*.[3]

---

[3] Dynamic argues that *Carlin* is likely no longer good law because the Supreme Court held in *Obduskey v. McCarthy & Holthus LLP* that law firms engaged in nonjudicial foreclosure

However, in *Kolbasyuk v. Capital Mgmt. Servs., LP*, the Second Circuit distinguished *Carlin* as holding that collectors who provide future estimates fail to provide the current balance of the debt and reasoned that where "the debt collector has *already* informed the consumer of the 'minimum amount she owes at the time of the notice,'" *Carlin* is not relevant. 918 F.3d 236, 240 (2d Cir. 2019) (citing *Carlin*, 852 F.3d at 216). The Second Circuit held that "[w]e therefore create no inconsistency with our precedent in holding that a debt collection letter that informs the consumer of the total, present quantity of his or her debt satisfies Section 1692g, notwithstanding its failure to inform the consumer of the debt's constituent components or the *precise* rates by which it might later increase." *Kolbasyuk*, 918 F.3d at 241 (emphasis added). While the Seventh Circuit expressed its belief that the collector *does* need to inform the consumer of the debt's constituent components, the Circuits appear to agree that the collector should inform the consumer both of the precise amount of the debt at the time sent and that the debt may be higher on the date paid. *See Miller*, 214 F.3d at 875–76 ("What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute requires this."). The Court notes that though the Second Circuit stated in *Kolbasyuk* that failing to list the *precise* rates of future increase does not violate section 1692g, it was analyzing a letter

_____

proceedings are not debt collectors for the purposes of the FDCPA. Dkt. 21 at 9 n.1 (citing *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019)). The Court does not find, and Dynamic does not explain why the Court should so find, that the Second Circuit's reasoning about what kind of notice complies with section 1692g would be vacated by the holding that the particular collector at issue was not subject to the FDCPA.

that, as articulated in its discussion of section 1692e, included the *Miller* safe harbor language. *Kolbasyuk*, 918 F.3d at 241–42.

Considering the reasoning of this persuasive authority, the Court finds that under section 1692g, courts expect debt collectors to provide debtors with a reasonable and intelligible articulation of the amount owed at the time of the letter and if applicable, how to ascertain how much the amount has grown if and when the debtor attempts to pay the debt in the future.

Boone presents two theories of Dynamic's liability under section 1692g. Dynamic's primary argument is that Boone's claim under Section 1692g is baseless because "Dynamic accurately states the amount owed on the letter's date and discloses that interest would begin to accrue, which is exactly what [section] 1692g requires." Dkt. 14 at 1.[4]

First, Boone alleges that if the debt is not accruing interest, then the letter is correct but the least sophisticated consumer would likely inaccurately interpret the message. Dkt. 20 at 19 (citing *Carlin*, 852 F.3d at 216). For the reasons discussed in the Court's analysis of section 1692e and despite Dynamic's argument that its letter "clearly states that no interest has yet been assessed," apparently referring to the fact that interest is itemized at $0 in the letter, Dkt. 21 at 8, the Court finds that Boone has alleged with sufficient plausibility that the least sophisticated debtor would inaccurately interpret the

---

[4]Dynamic also asks the Court to adopt the reasoning of four district court cases "in which claims were dismissed under facts that were essentially the same as in this case." *Id.* at 7–8. Considering the facts and reasoning of the cited cases, the Court does not change its conclusion that courts consider whether the debt collector has provided a means for the debtor to ascertain how much the amount has grown if and when the debtor attempts to pay the debt in the future in assessing potential liability under section 1692g.

letter and is without guidance on what amount of payment which would resolve the debt. *See Carlin*, 852 F.3d at 216; *Miller*, 214 F.3d at 876. While Dynamic attempts to distinguish *Miller* by arguing that a consumer could calculate 12% interest accruing from the date of the letter, the Court finds that Boone has sufficiently alleged that the least sophisticated debtor is without clear guidance about the date from which interest will accrue. Dkt. 14 at 12 (citing *Miller*, 214 F.3d at 876; *Goodrick v. Calvary Portfolio Servs. LLC*, No. CIV 12–1822 PHX DGC, 2013 WL 4419321, at *3 (D. Ariz. Aug. 19, 2013)).

Second, Boone argues that if the debt is accruing interest, the amount stated in the letter is wrong, because interest accrual pursuant to RCW 19.52.010 must begin on the date of delinquency. Dkt. 20 at 19–20 (citing *Dolan*, 2018 WL 6604212, at *19). In fact, *Dolan* addressed only whether calculating interest from before the debt accrued could constitute an attempt to collect an amount not expressly permitted by law. 2018 WL 6604212, *19–21. Dynamic argues that the Court "should find that nothing in Dynamic's letter suggests that any amount that was not set forth in the letter had otherwise already accrued." Dkt. 14 at 14. Dynamic also argues that "there is no allegation that the amount of interest was, in fact, something other than $0 at the time the letter was sent." Dkt. 21 at 8. The Court finds that Dynamic is correct—Boone provides no facts or circumstances to suggest that Dynamic has in fact been assessing interest since the date of delinquency and has misrepresented the interest owing as $0 as of the date of the letter.

Thus, the Court will dismiss this second theory of liability, but because the Court dismisses Boone's section 1692f(1) claim with leave to amend, the Court also grants Boone leave to amend on this theory of liability.

# IV.  ORDER

Therefore, it is hereby **ORDERED** that Dynamic's motion to dismiss, Dkt. 14, is **DENIED** as to Boone's section 1692e claims and first theory of liability under section 1692g, and **GRANTED** as to Boone's section 1692f(1) claims and second theory of liability under section 1692g. Boone may file an amended complaint no later than June 21, 2019.

Dated this 12th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge